# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DR. CLAUDIO SOLFERINI, in his capacity | § | |
| as Trustee of CORRADI S.p.A. | § | |
| | § | Civil Action No.  4:18-CV-00293 |
| v. | § | Judge Mazzant |
| | § | |
| CORRADI USA, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Corradi USA, Inc.'s ("Corradi USA") Motion for Entry of Final Judgment and for Award of Attorneys' Fees and Expenses (Dkt. #41).  Having considered the motion and the relevant pleadings, the Court finds that Corradi USA's motion should be granted in part and denied in part.

## BACKGROUND

On April 24, 2018, Trustee Dr. Claudio Solferini ("Trustee") filed suit against Corradi USA on behalf of Corradi S.p.A. ("Corradi Italy"), an Italian corporation.  The facts of this case are set out in detail in a Memorandum Opinion and Order addressing the parties' cross-motions for summary judgment (Dkt. #40).

On March 30, 2020, the Court granted Corradi USA's motion for summary judgment and denied Trustee's motion for summary judgment (Dkt. #40).  The Court ultimately found that all five of Trustee's claims against Corradi USA failed as a matter of law (Dkt. #40).

Consequently, on April 13, 2020, Corradi USA filed its Motion for Entry of Final Judgment and for Award of Attorneys' Fees and Expenses (Dkt. #41).  On April 27, 2020, Trustee filed his response (Dkt. #42).  Corradi USA filed its reply on May 5, 2020 (Dkt. #44).  And, on May 11, 2020, Trustee filed his sur-reply (Dkt. #45).

**LEGAL STANDARD**

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, it is the movant that bears the burden of proof to show the reasonable fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law because it is a federal cause of action but also discussing Texas's adoption of the lodestar method in other cases).  The movant may calculate their reasonable and necessary attorneys' fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.).  There are certain causes of action that require the use of the lodestar calculation. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013).  However, even if the lodestar calculation is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Montano*, 414 S.W.3d at 736.

Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process.[1] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)).  First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate, and then multiply the two together to get the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412).  Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2]

---

[1] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.

[2] Texas courts also use a similar set of factors, the *Arthur Andersen* factors, to determine reasonableness.  However, when courts use the lodestar calculation, they tend to use the *Johnson* factors.

The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Gonzales*, 72 S.W.3d at 412 (citing *Johnson*, 488 F.2d at 717–19). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *El Apple*, 370 S.W.3d at 765.

## ANALYSIS

Corradi USA moves for attorneys' fees under § 5.111(e) of the Texas Business and Commerce Code (Dkt. #41). Trustee asserts that Corradi USA's request for attorneys' fees should be denied.[3] First, Trustee claims that because Corradi USA failed to plead a claim for attorneys' fees, it waived its right to request such an award (Dkt. #42). Second, Trustee maintains that Corradi USA failed to disclose any fact or expert witness with respect to attorneys' fees, so now Corradi USA is barred from presenting any witness testimony in support of its request for fees (Dkt. #42). Lastly, Trustee argues that Corradi USA seeks fees that are unreasonable and that it failed to segregate its recoverable and nonrecoverable fees. The Court first addresses whether Corradi USA is eligible for attorneys' fees under the Texas Business and Commerce Code; then, it examines Trustee's arguments as to why the Court should deny Corradi USA's request for fees.

---

[3] For appellate purposes, Trustee also seeks a ruling on the objections set forth in his reply to his motion for summary judgment. *See* (Dkt. #35) (objecting to two declarations and untranslated materials). Because the Court denied Trustee's motion for summary judgment, the Court overrules his objections as moot.

## I.     Fees under Texas Business and Commerce Code § 5.111(e)

As an initial matter, the Court finds that Corradi USA is eligible for an award of attorneys' fees.  Corradi USA seeks attorneys' fees under Chapter 5 of the Texas Business and Commerce Code, which governs letters of credit.  Chapter 5 authorizes an award of attorneys' fees for the prevailing party.  It provides: "Reasonable attorney's fees and other expenses of litigation may be awarded to the prevailing party in an action in which a remedy is sought under this chapter." TEX. BUS. & COMM. CODE § 5.111(e).  As such, the Court is permitted to award attorneys' fees and expenses to a prevailing party who successfully defends against claims under Chapter 5.  *See 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 391 & n.31 (Tex. 2011) (recognizing that § 5.111(e) "allows a *prevailing party* to recover attorney's fees, not merely a *prevailing claimant*" and noting that under § 5.111(e), "a plaintiff suing for a letter of credit runs the risk of exposure to attorney's fees if the plaintiff does not prevail").

Here, Trustee's claim for statutory subrogation in a letter-of-credit transaction was made under Chapter 5 of the Texas Business and Commerce Code.  *See* (Dkt. #1).  Because Corradi USA successfully defended against that claim, the Court finds—and Trustee does not dispute— that Corradi USA is a prevailing party under § 5.111(e).  Corradi USA is therefore eligible for an award of fees and expenses.

The Court now considers Trustee's arguments in opposition of Corradi USA's request for attorneys' fees: (1) that Corradi USA waived its right to recover fees; (2) that Corradi USA failed to provide proper evidence to support its fee request; and (3) that Corradi USA's requested fees are unreasonable.

4

## II.      Failure to Plead Attorneys' Fees

Trustee asserts that Corradi USA's failure to plead attorneys' fees results in waiver.  Thus, according to Trustee, Corradi USA's omission is fatal to its claim for fees.  Corradi USA counters that it did not waive its right to recover fees because the Federal Rules of Civil Procedure do not apply a strict pleading requirement for attorneys' fees.  The Court agrees and finds that Corradi USA's failure to plead attorneys' fees does not foreclose its recovery.

While attorneys' fees and expenses are available to Corradi USA under Texas law, the Court must still determine whether Corradi USA sufficiently pleaded for those fees under Federal law.  *See N.Y. Pizzeria, Inc. v. Syal*, No. 3:13-CV-00335, 2017 WL 1313759, at *3 (S.D. Tex. Apr. 5, 2017) (stating that the court applies Texas law to determine the availability of attorneys' fees and federal law to determine whether the request for those fees was sufficiently pleaded). Attorneys' fees are routinely treated "as special damages that must be specifically pleaded under Federal Rule of Civil Procedure 9(g)."  *United Indus., Inc. v. Simon Hartley, Ltd*., 91 F.3d 762, 764 (5th Cir. 1996) (collecting cases).  Rule 9(g) provides that "[i]f an item of special damage is claimed, it must be specifically stated."  FED. R. CIV. P. 9(g).  "The purpose of the rule is to avoid unfair surprise by informing the parties as to the nature of the damages claimed, and to inform the court of the substance of the claims."  *Gjergjani v. Ware*, No. 4:14-CV-448-ALM, 2016 WL 4545521, at *6 (E.D. Tex. Aug. 8, 2016) (citing *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962)), *report and recommendation adopted*, No. 4:14-CV-448, 2016 WL 4529637 (E.D. Tex. Aug. 30, 2016).

Where, as here, a party fails to plead a request for attorneys' fees, that failure "will not necessarily preclude a party's ability to recover attorney[s'] fees, so long as the opposing party is on notice that attorney[s'] fees are being sought."  *Id.* (citing *Crosby v. Old Republic Ins. Co.*, 978

5

F.2d 210, 211 n.1 (5th Cir. 1992); *United Indus., Inc.*, 91 F.3d at 764–65).  One example of this is set out by the Fifth Circuit in *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240–41 (5th Cir. 1984).  As the Southern District of Texas described:

> In *Engel v. Teleprompter Corp.*, a Fifth Circuit panel awarded attorney's fees to a prevailing defendant who had not pleaded for them, but instead sought them before a judgment was entered after the prevailing defendant had been successful on appeal.  [*Id.* at 1240–41].  The panel noted that "[w]here a statute or contractual provision authorizes a fee award, such an award becomes the rule rather than the exception, and should be awarded routinely as are costs of suit."  *Id.* at 1241.  This rule was followed in *Engel* even when the prevailing defendant had not sought fees until after the litigation was all but concluded (the legal issue had been decided, but a judgment had not issued).  The panel in *Engel* also noted that neither party disputed that fees were available to the prevailing party under the contract.  *Id.*

*N.Y. Pizzeria, Inc.*, 2017 WL 1313759, at *3.

Engel has never been overruled.  However, the Fifth Circuit has considered the same pleading argument, under different circumstances, and come to the opposite conclusion.  In *United Industries, Inc. v. Simon Hartley, Ltd.*, the Fifth Circuit affirmed a district court's denial of attorneys' fees when the prevailing defendant did not plead its request for fees.  91 F.3d at 765. There, the Fifth Circuit stated that while certain circumstances would still permit an award of fees, none of those facts were present in the case before it.  *Id.*  Specifically, the Fifth Circuit noted that, unlike in *Engel*, there was a dispute as to the availability of fees, and the defendant waited until after the district court entered its final judgment before making a claim for attorneys' fees.  *Id.* at n.1; *see also Amway Corp. v. bHIP Global, Inc.*, No. 4:10-CV-549, 2013 WL 2355525, at *1 (E.D. Tex. May 29, 2013) (denying a prevailing defendant's request for fees when defendant failed to plead the request and did not make a formal request until after judgment was entered).

The Court finds that the facts in this case are more like those in *Engel*.  It is undisputed that Corradi USA did not plead for attorneys' fees in its answer.  Instead, Corradi USA, like the prevailing defendant in *Engel*, sought attorneys' fees once the litigation was mostly concluded.

When Corradi USA filed its motion for fees on April 13, 2020, the legal issues in this case had already been decided by the Court's Order on March 30, 2020, and the Court had not yet entered a final judgment.  Moreover, the availability of fees is not truly at issue here.  Aside from his pleading argument,[4] Trustee does not challenge whether attorneys' fees are available to Corradi USA or whether Corradi USA is the prevailing party under § 5.111(e).  *See id.* (stating that the plaintiff did not challenge the defendant's entitlement to attorneys' fees "aside from its pleading argument").  The Court finds that this case is analogous to *Engel*, so an award of attorneys' fees, despite the lack of pleading, may still be appropriate.

In rare circumstances such as these, the Court has one final "critical inquiry"—"whether the opposing party has been put 'on notice that attorneys' fees are at issue.'"  *Hunt Dev. Grp., L.P. v. Dick Corp*., No. EP-09-CA-313-FM, 2010 WL 11601053, at *5 (W.D. Tex. Dec. 8, 2010) (citing *United Indus., Inc.*, 91 F.3d at 764).  While a prevailing party clearly puts the opposing party on notice when pleading a request for attorneys' fees, other circumstances may also constitute notice. Parties are put on notice when, for example, the prevailing party advances its attorneys' fees claims during the pretrial conference or at the summary judgment stage.  *See, e.g.*, *Crosby,* 978 F.2d at 211 n.1 (affirming the district court's finding of no prejudice when the party did not plead a claim for attorneys' fees because the party advanced it during pretrial conferences); *Schaffer v. SunTrust Mortg., Inc.,* No. 416-CV-518-ALM-KPJ, 2017 WL 5127237, at *2 (E.D. Tex. Sept. 1, 2017) (finding that the plaintiff had notice of the attorneys' fees request when the defendant made the request in its reply brief to a summary judgment motion and the plaintiff had an ample amount of

---

[4] Trustee challenges the award of attorneys' fees on a few other grounds.  First, Trustee argues that the Court cannot consider the evidence offered by Corradi USA's counsel as he was not a designated witness.  Second, Trustee claims that the Court should exercise its discretion and deny the request for fees.  Lastly, Trustee asserts that the fees are not properly segregated or are otherwise unreasonable.  None of these arguments go to the issue of whether Corradi USA is entitled to attorneys' fees under § 5.111(e).

time to respond), *report and recommendation adopted*, No. 4:16-CV-518, 2017 WL 4349158 (E.D. Tex. Sept. 30, 2017), *vacated per stipulation*, No. 4:16-CV-518, 2018 WL 4677810 (E.D. Tex. June 1, 2018), *and order withdrawn*, No. 4:16-CV-518, 2018 WL 2463928 (E.D. Tex. June 1, 2018).  Additionally, when a plaintiff alleges a claim under a statute, which has a fee-shifting provision, the plaintiff cannot say it is surprised by the defendant's fee request under that same statute when it prevails.  *See N.Y. Pizzeria, Inc.*, 2017 WL 1313759, at *3 (stating that "it is hard to see how [the plaintiff] was surprised by the fee request as it sought attorneys' fees when it alleged the [claim under a statute which contains a fee-shifting provision]").

The Court finds that Trustee has been put on notice that attorneys' fees are at issue.  First, Corradi USA alerted Trustee that it was pursuing attorneys' fees in its initial disclosures—early on in this litigation.  *See* (Dkt. #9; Dkt. #11; Dkt. #44, Exhibit 1); *cf. Crosby*, 978 F.2d at 211 n.1 (notice was not given until the fees request was advanced in the pretrial conference); *Schaffer*, 2017 WL 5127237, at *2 (notice was not given until the summary judgment stage).  Trustee also cannot claim that it was surprised by the fees request.  Trustee asserted a cause of action for statutory subrogation under Chapter 5 of the Texas Business and Commerce Code.  This chapter includes a fee-shifting provision, and Trustee asserted he was entitled to attorneys' fees under his statutory-subrogation claim in the complaint.  TEX. BUS. & COMM. CODE § 5.111(e); *see also* (Dkt. #1; Dkt. #15).  Because Trustee pursued a claim under Chapter 5, which has a fee-shifting provision, Trustee cannot say that it was surprised by Corradi USA's fee request under that same chapter when it ultimately prevailed.  Accordingly, the Court finds that Trustee had notice that attorneys' fees were at issue.  Corradi USA may therefore seek attorneys' fees for costs associated with defeating the statutory subrogation claim under § 5.117.

8

### III.    Failure to Designate an Expert Witness on Attorneys' Fees

The Court next addresses Trustee's objection to Artoush Varshosaz's ("Varshosaz") declaration regarding attorneys' fees and expenses.  Trustee argues that the Court cannot consider Corradi USA's evidence of attorneys' fees as Varshosaz, Corradi USA's counsel, was not designated as an expert witness under Federal Rule of Civil Procedure 26 (Dkt. #42).

Under Rule 26, expert disclosures must be made by the deadline imposed by the Court. FED. R. CIV. P. 26(a)(2)(D).  If a party fails to provide information or identify a witness under Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless."  FED. R. CIV. P. 37(c).  Corradi USA did not argue that its omission was substantially justified.  Accordingly, the Court examines whether the failure to disclose was harmless.

To determine whether Corradi's failure to disclose was harmless and whether to exclude Varshosaz's declaration, the Court considers the following factors: "(1) the explanation for the failure to identify the witness, (2) the importance of the testimony, (3) the potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice."  *Wright v. Blythe-Nelson*, No. 3:99-CV-2522-D, 2001 WL 804529, at *2 (N.D. Tex. 2001) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989))); *see also Giddy Up, LLC v. Prism Graphics*, *Inc.*, No. 3:06-CV-0948-B, 2008 WL 656504, at *4 (N.D. Tex. Mar. 12, 2008) (applying these factors to determine whether to exclude an expert affidavit); *Beauty Mfg. Sols. Corp. v. Ashland, Inc*., No. 3:10-CV-2638-G, 2012 WL 4341814, at *2 (N.D. Tex. Aug. 29, 2012) (applying these factors to determine whether the failure to disclose an expert was harmless under Rule 37), *report and recommendation adopted*, No. 3:10-CV-2638-G, 2012 WL 4354935 (N.D. Tex. Sept. 24, 2012).

Corradi USA provides no explanation for the failure to identify Varshosaz.  Therefore, because Corradi USA has not provided good cause for its omission, the Court finds that the first factor favors Trustee.  *See Brandon v. Sage Corp.*, No. 5:12-CV-1118-DAE, 2014 WL 1092078, at *3 (W.D. Tex. Mar. 18, 2014) (holding that because the plaintiff did not demonstrate good cause for her delay in disclosing an expert, the first factor weighed in favor of the defendant).

Neither Corradi USA nor Trustee argues as to the importance of the testimony.  In the absence of such argument, the Court finds that this factor is neutral.  *Id.*

As for potential prejudice, Corradi USA asserts that Trustee "cannot plausibly argue prejudice" (Dkt. #44 at p. 8).  Trustee, in fact, never argues that he would be prejudiced if the Court allowed the expert declaration.  In any event, the Court finds that Trustee would not be prejudiced by such an allowance.

"Courts have treated the designation of attorney's fee experts differently from other experts because an attorney representing a party against whom attorney's fees are sought should not be surprised by opposing counsel attempting to prove his attorney's fees through his own expert testimony."  *Ollie v. Plano Indep. Sch. Dist.*, No. 4:06-CV-69, 2007 WL 2315459, at *1 (E.D. Tex. Aug. 10, 2007) (citing *Wright*, 2001 WL 804529, at *6).  Therefore, because Trustee should have known that Varshosaz would be designated as an expert on attorneys' fees incurred through the defense of this suit, Trustee has not suffered any prejudice by Corradi USA's failure to designate him as an expert witness.  As a result, this factor weighs "heavily" in favor of Corradi USA. *Brandon*, 2014 WL 1092078, at *4.

Lastly, the Court considers whether it can cure any prejudice that a party may face by continuing submission of the attorneys' fee issue.  Because the Court determined that Trustee will not suffer prejudice, the availability of continuance factor is "inapplicable."  *Id.*  "However, even

if [Trustee] were to demonstrate that [he] has or will suffer prejudice, a continuance would easily provide a sufficient remedy." *See id.*

After considering the factors, the Court finds that while Corradi USA had no excuse for its failure to designate an expert on attorneys' fees, the lack of prejudice to Trustee warrants permitting Varshosaz to serve as an expert in this case. *See id.* (permitting the testimony of the plaintiff's undisclosed expert when it found that the first factor favored the defendant; the second factor was neutral; the third factor heavily favored the plaintiff; and the fourth factor was inapplicable). The Court therefore overrules Trustee's objection to Varshosaz's expert declaration in support of Corradi USA's request for attorneys' fees. *See Giddy Up, LLC*, 2008 WL 656504, at *4–5 (finding that the plaintiff's failure to designate an expert was not prejudicial to the defendant and considering the expert's affidavit on attorneys' fees).

## IV.    Attorneys' Fees

Having found Trustee's arguments unpersuasive, the Court now determines whether it should award attorneys' fees and, if so, what amount it should award. As described above, Corradi USA is eligible for reasonable attorneys' fees and expenses under Texas Business and Commerce Code § 5.111(e). An award under this provision is discretionary. *See 1/2 Price Checks Cashed*, 344 S.W.3d at 391 n.31 (citing TEX. BUS. & COMM. CODE § 5.111(e)) (stating that attorneys' fees under Chapter 5 of the Texas Commerce Code is "tempered by discretionary, rather than mandatory, attorney[s'] fees"). Here, the Court exercises its discretion to award reasonable fees and expenses to Corradi USA; the only question remaining is the amount of fees and expenses to be awarded.

11

A.      **Lodestar Amount**

1.      **Hours Expended**

The Court first calculates the lodestar by multiplying the hours an attorney spent by the reasonable hourly rate.  Corradi USA seeks $304,370.50[5] for 661.4 hours expended.  The hours expended are as follows:

| Timekeeper | Hours Billed | Hours Cut | Total Hours |
|---|---|---|---|
| Artoush Varshosaz | 356 | 12.9 | 343.1 |
| Ravinder Singh Deol | 83.1 | 3.1 | 80 |
| Nelson Moon Hua | 228.2 | 19.8 | 208.4[6] |
| Julie Garrett | 26.1 | 0 | 26.1 |
| Abigail Brown | 3.8 | 0 | 3.8 |
| **Total** | **697.2** | **35.8** | **661.4** |

Trustee asserts that the evidence does not support the amount of hours Corradi USA presented because Corradi USA failed to segregate its attorneys' fees to account for the defense of only the statutory subrogation claim.  Trustee also claims that certain time entries are not necessary or reasonable.  The Court discusses these arguments in turn.

a.      **Segregation of Fees**

Trustee complains that Corradi USA has failed to segregate its recoverable and nonrecoverable fees because it requested fees incurred for tasks not solely related to Trustee's statutory subrogation claim (Dkt. #42).  Trustee is correct that a party seeking attorneys' fees is "required to segregate fees between claims for which they are recoverable and claims for which they are not."  *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006).  However, there is an exception to the duty to segregate when the fees are inextricably intertwined.  *Id.* at

---

[5] Corradi USA stated that it sought fees in the amount of $304,519.19 and $304,370.50 (Dkt. #41, Exhibit 1).  Because Corradi USA claimed the latter amount multiple times in its briefing, the Court assumes that $304,370.50 is the amount sought.
[6] In his declaration, Varshosaz stated that Nelson Moon Hua expended 208 hours (Dkt. #41, Exhibit 1).  Upon a review of Corradi USA's billing records, the amount he actually billed was 208.4 hours (Dkt. #41, Exhibit 2).

313–14.  "Intertwined facts do not make [unrecoverable] fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated." *Id.*

While Trustee admits that fees incurred in defending against its statutory subrogation claim are recoverable, it argues that Corradi USA seeks fees that were incurred solely in defending Trustee's other claims.  Trustee gives two examples of fees that it claims should have been segregated: fees incurred in (1) responding to Trustee's summary judgment motion, which did not advance his statutory subrogation claim; and (2) determining who paid under the letter of credit.

Here, the Court finds that the fees incurred in responding to Trustee's motion for summary judgment and in determining who made the payment are inextricably intertwined with those incurred in defending against Trustee's statutory subrogation claim.  The determination of who made the $800,000 payment to the Bank of the West was "critical to every cause of action asserted by Trustee against Corradi USA" (Dkt. #40 at p. 4).  Likewise, the Court based its determination that Trustee's statutory subrogation claim failed on the fact that Corradi Italy did not make the payment to Bank of the West—not solely on the fact that Corradi Italy was the issuer.  *See* (Dkt. #40 at p. 10) (stating that "because Corradi Italy was not the issuer and did not make payment to the beneficiary, Corradi Italy cannot recover on a claim of statutory subrogation under § 5.117(a)").  Therefore, the hours spent responding to Trustee's motion for summary judgment and determining payment are inextricably intertwined with those expended in defending against the statutory subrogation claim.  These hours, consequently, were appropriately not segregated and are recoverable.

Even so, Corradi USA excluded $3,267.50 in legal services related only to the unrecoverable claims (Dkt. #44).  Corradi USA also reduced its fees request by an additional

$13,790.00 "to account [for] the possibility of time spent only on the unrecoverable claims" and $10,186.00 for low-hour timekeepers.  On top of that, it gave a "5 percent overall discount" to ensure that the fees recovered are for the defense of only recoverable claims (Dkt. #41, Exhibit 1; Dkt. #44).  The Court acknowledges these reductions and will apply Corradi USA's voluntary 5 percent discount to account for any possible failure to segregate.  Still, the Court finds that the remaining hours are inextricably intertwined.

### b.  Reasonableness of Fees

Trustee further claims that Corradi USA's records reflect a few entries that should be excluded as unnecessary and unreasonable.  Trustee claims that Corradi USA should not recover fees for time spent (1) "responding to a motion to compel based on [Corradi USA's] own deficient responses"; (2) "preparing amended discovery responses in order to cure the earlier, deficient responses"; (3) "preparing for and coordinating a deposition that was never taken"; and (4) "unsuccessfully seeking Court intervention after failing to bring a translator to its own deposition, including an unsuccessful request for an order detaining a foreign national from leaving the country."  (Dkt. #42).  After considering these entries, the Court finds that while Corradi USA should recover fees for these services, the Court is unable to discern whether the amount of time spent on them is reasonable.

The Court must evaluate the reasonableness of Corradi USA's fee request "at the time the work was performed."  *Feld Motor Sports, Inc. v. Traxxas, LP*, No. 4:14-CV-543, 2016 WL 2758183, at *5 (E.D. Tex. May 12, 2016).  "The relevant issue is not 'whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"  *Roussel v. Brinker Int'l, Inc*., No. H-05-3733, 2010 WL 1881898, at *6 (S.D. Tex. Jan. 13, 2010), *aff'd sub nom. Roussell v. Brinker*

*Int'l, Inc.*, 441 F. App'x 222 (5th Cir. 2011) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).  Dealing with discovery, depositions, and the disputes arising from those processes was necessary to the case here.  *See generally Tony Gullo Motors I, L.P.*, 212 S.W.3d at 311 (stating that, among other things, depositions of the primary actors, discovery motions, and discovery hearings may be necessary in pursuing one or more claims).  However, the Court finds that Corradi USA's billing records do not provide the information necessary for the Court to determine their reasonableness.  This is so because Corradi USA has engaged in block billing.  *See DeLeon v. Abbott*, 687 F. App'x 340, 346 n.4 (5th Cir. 2017) (explaining that "[t]he ability to assess the reasonableness of a fee request is greatly undermined by the practice of . . . 'block-billing'"); *see also Beavers v. City of Jackson*, No. 3:19-CV-735-DPJ-FKB, 2020 WL 1678083, at *2 (S.D. Miss. Apr. 6, 2020) (stating that "[p]erhaps there was an explanation for the time spent, but it is not apparent from the billing records because counsel used vague, block billing for most hours billed").

Block billing is the practice of including "the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-CV-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (quoting *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)).  The underlying concern with block billing is that the information provided will be so general that it will not be sufficient documentation to determine if the number of hours billed by counsel is reasonable.  *See Permian Power Tong, Inc. v. Diamondback E&P, LLC*, No. 12-16-92-CV, 2017 WL 2588158, at *14 (Tex. App.—Tyler May 31, 2017), *judgment set aside on other grounds, opinion not vacated*, 2017 WL 2824311 (Tex. App.—Tyler June 30, 2017); *Humphrey v. United Way of Tex. Gulf Coast*, 802 F. Supp. 2d 847, 864 (S.D. Tex. 2011).  "If the applicant's documentation of the hours claimed is vague or incomplete, the district court may reduce or eliminate those hours." *League of United*

*Latin Am. Citizens # 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) (quotations and citations omitted).

While, here, Corradi USA itemized tasks, it did not always itemize time on a per-task basis. For example, the records show that Varshosaz billed 4.5 hours for the following work:

> Receive and analyze comprehensive email regarding case documents [redacted]; revise amended discovery responses [redacted]; prepare for and participate in strategy call with client team; follow up [redacted] regarding financial statements and documents to be produced; receive and review documents for supplemental production; multiple calls [redacted] regarding information in documents and responsiveness to requests; amend responses to [Trustee]'s requests for production.

(Dkt. #41, Exhibit 2 at p. 44).  As described above, Trustee challenged the reasonableness of the fees incurred for, among other things, preparing amended discovery responses.[7]  When looking at the records provided, "too many entries lump together tasks in such a way that it is impossible to tell whether, for [amending discovery responses or for any other] particular task, the number of hours spent and claimed were reasonable."  *Fralick*, 2011 WL 487754, at *5.  Because Corradi USA's records reveal some block billing, the records do not provide the degree of specificity needed to determine whether the time spent on each task—including those challenged by Trustee—was reasonable.  Accordingly, the Court reduces the number of hours billed by 10 percent. *See Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, No. 3:09-CV-1596-D, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010) (collecting cases) (stating that "many courts reviewing block-billed time entries have performed a percentage reduction . . . in the number of hours . . . , typically ranging from 10% to 30%").

## 2. Hourly Rate

Corradi USA asserts that the reasonable hourly rates for its timekeepers are as follows:

---

[7] Corradi USA's counsel also used block billing when setting forth the hours expended on responding to Trustee's motion to compel, preparing for depositions, and seeking Court intervention for Trustee's deposition when Corradi USA did not provide a translator.  *See* (Dkt. #41, Exhibit 1 at pp. 32, 47–49).

| Timekeeper | 2018 | 2019 |
|---|---|---|
| Artoush Varshosaz,[8] Partner | $525 | $550 |
| Ravinder Singh Deol, Senior Associate | $525 | $550 |
| Nelson Moon Hua, Junior Associate | $350 | $400 |
| Julie Garrett, Paralegal | N/A | $275 |
| Abigail Brown, Paralegal | $275 | N/A |

(Dkt. #41, Exhibit 1).  Trustee does not dispute the reasonableness of these rates.  "Because the rates are not contested, they are considered *prima facie* reasonable." *Lewallen v. City of Beaumont*, No. 1:05-CV-733-TH, 2009 WL 2175637, at *12 (E.D. Tex. July 20, 2009) (emphasis in original), *aff'd*, 394 F. App'x 38 (5th Cir. 2010) (citing *Black Heritage Soc. v. City of Hous.*, No. H-07-0052, 2008 WL 2769790, at *7 (S.D. Tex. July 11, 2008)).  The Court therefore accepts these rates as reasonable under these circumstances.

Because the Court has determined the reasonable hours spent and the reasonable hourly rate, the Court must now calculate the lodestar amount.  The lodestar is calculated by multiplying the rate for each timekeeper by the number of hours worked by that individual.

The lodestar amount—including the 15 percent reduction for segregating and block billing fees—is as follows:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Artoush Varshosaz | 39 | $525 | $20,475.00 |
| | 304.1 | $550 | $167,255.00 |
| Ravinder Singh Deol | 65.5 | $525 | $34,387.50 |
| | 14.5 | $550 | $7,975.00 |
| Nelson Moon Hua | 177.9 | $400 | $71,160.00 |
| | 30.5 | $350 | $10,675.00 |
| Julie Garrett | 26.1 | $275 | $7,177.50 |
| Abigail Brown | 3.8 | $275 | $1,045.00 |
| **Subtotal** | **661.4** | | **$320,150.00** |
| **Total after 15% Deduction** | | | **$272,127.50** |

[8] Varshosaz's standard hourly rate over the course of the litigation ranged $600 to $700 per hour (Dkt. #41, Exhibit 1). Based on his relationship with Corradi USA, however, Varshosaz discounted his rate to $525 to $550 per hour (Dkt. #41, Exhibit 1).

17

3. ***Johnson*** **Factors**

After determining the lodestar amount, the district court may adjust the lodestar up or down in accordance with the relevant *Johnson* factors not already included in the lodestar. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The Court must be careful when applying the *Johnson* factors to make sure "not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id.* "Four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation—are presumably fully reflected in the lodestar amount." *Id.* If a factor is presumably considered in the lodestar amount, the Court may still make an adjustment based on that factor; however, only "in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings." *Id.*

Here, the Court has already accounted for the segregation of time and block billing, and Trustee does not argue that any of the *Johnson* factors require that the lodestar award should be adjusted downward. Still, the Court has considered them on its own and all of the *Johnson* factors are presumably reflected in the lodestar amount. There are no exceptional circumstances permitting the Court to adjust the amount. Consequently, the Court does not reduce the award based on the *Johnson* factors. Corradi USA is therefore entitled to $272,127.50 in attorneys' fees expended during this litigation.

## V.  Appellate Fees

Corradi USA also seeks $150,000.00 in anticipated appellate fees (Dkt. #41). Trustee asserts that such an award is premature as the award should be limited to the fees actually incurred by Corradi USA in the event of an appeal (Dkt. #42). The Court finds that Corradi USA has not produced sufficient evidence to support appellate fees at this time, so the Court will address this

18

issue following the resolution of an appeal.  *Feld Motor Sports, Inc.*, 2016 WL 2758183, at *17

(citing *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc*., 334 F.3d 423, 433

(5th Cir. 2003); *Carroll v. Sanderson Farms, Inc*., No. H-10-3108, 2014 WL 549380, at *5 (S.D.

Tex. 2014) (declining to award conditional appellate fees before the appeal because the request "is

merely a speculative dollar figure without any information by which the Court could determine

whether the amount requested is reasonable")).

## VI.    Expenses of Litigation

Lastly, Corradi USA seeks $12,282.22 in expenses under Texas Business and Commerce

Code § 5.111(e) (Dkt. #41).   TEX. BUS. & COMM. CODE § 5.111(e) (stating that "expenses of

litigation may be awarded to the prevailing party").   Specifically, Corradi USA seeks recovery of

its travel expenses, mediation fees, copying, deposition fees, filing fees, research charges, delivery

and postage costs, and translation fees (Dkt. #41, Exhibit 1).   Trustee does not dispute the amount

or reasonableness of these expenses.   Nevertheless, the Court reviewed the expenses sought and

finds that they are reasonable.  *See* TEX. BUS. & COMM. CODE § 5.111 cmt. 6 (2011) ("'Expenses

of litigation' is intended to be broader than 'costs.'   For example, expense of litigation would

include travel expenses of witnesses, fees for expert witnesses, and expenses associated with taking

depositions.")).   Corradi USA is therefore entitled to reasonable expenses in the amount of

$12,282.22.

## CONCLUSION

It is therefore **ORDERED** Corradi USA's Motion for Entry of Final Judgment and for

Award of Attorneys' Fees and Expenses (Dkt. #41) is hereby **GRANTED in part and DENIED

in part**.

It is further **ORDERED** that:

1. Corradi USA be awarded attorneys' fees in the amount of $272,127.50;

2. Corradi USA be awarded expenses in the amount of $12,282.22.

**IT IS SO ORDERED**.

 **SIGNED this 23rd day of September, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE