# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DR. CLAUDIO SOLFERINI, in his capacity as Trustee of CORRADI S.p.A., <br><br> *Plaintiff,* <br><br> v. <br><br> CORRADI USA, INC., <br><br> *Defendant.* | § § § § § § § § § § § § Civil Action No. 4:18-CV-293-ALM <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Corradi USA, Inc.'s ("Corradi USA") Motion for Appellate Attorneys' Fees and Expenses (Dkt. #57). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

## BACKGROUND

On April 24, 2018, Trustee Dr. Claudio Solferini ("Trustee") filed suit against Corradi USA on behalf of Corradi S.p.A ("Corradi Italy"), an Italian corporation, alleging the following causes of action: equitable subrogation, statutory subrogation, reimbursement, unjust enrichment, and quantum meruit. Subsequently, the parties filed cross-motions for summary judgment (Dkt. #28; Dkt. #30). On March 30, 2020, the Court granted Corradi USA's motions for summary judgment and denied Trustee's motion for summary judgment, finding that that all five of Trustee's claims failed as a matter of law (Dkt. #40). On September 23, 2020, the Court entered final judgement on all claims for Corradi USA and awarded reasonable attorneys' fees and expenses under Texas Business and Commerce Code § 5.111(e) (Dkt. #49). At the time, the Court declined to award

anticipated appellate fees and held it would "address this issue following the resolution of an appeal" (Dkt. #49 at pp. 18–19).

On September 25, 2020, Trustee filed a notice of appeal to the March 30, 2020 summary judgment order and the September 23, 2020 order granting final judgment, attorneys' fees, and expenses (Dkt. #52). On August 13, 2021, after briefing and oral argument, the Fifth Circuit affirmed both orders in their entirety. *Solferini v. Corradi, USA, Inc.,* No. 20-40645, 2021 WL 3619905 (5th Cir. Aug. 13, 2021). On August 27, 2021, Corradi USA filed its Motion for Appellate Attorneys' Fees and Expenses (Dkt. #57). On September 23, 2021, Trustee filed its response (Dkt. #62). On October 13, 2021, Corradi USA filed its reply (Dkt. #65).

## LEGAL STANDARD

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Further, when a statute allows a prevailing party to recover its fees, that provision applies to appellate fees as well. *Williams v. Trustmark Ins. Co*., 173 F. App'x 330, 334 (5th Cir. 2006). Under Texas law, it is the movant that bears the burden of proof to show the reasonable fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law because it is a federal cause of action but also discussing Texas's adoption of the lodestar method in other cases). The movant may calculate their reasonable and necessary attorneys' fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.— Fort Worth 2009, no pet.). There are certain causes of action that require the use of the lodestar calculation. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if the

lodestar calculation is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Montano*, 414 S.W.3d at 736.

Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process.[1] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate, and then multiply the two together to get the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[2]

The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Gonzales*, 72 S.W.3d at 412 (citing *Johnson*, 488 F.2d at 717–19). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *El Apple*, 370 S.W.3d at 765.

---

[1] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.
[2] Texas courts also use a similar set of factors, the *Arthur Andersen* factors, to determine reasonableness. However, when courts use the lodestar calculation, they tend to use the *Johnson* factors.

## ANALYSIS

Corradi USA, as the prevailing party in this matter, seeks an award of attorneys' fees and expenses incurred in contesting Trustee's appeal of the case to the Fifth Circuit (Dkt. #57 at p. 4). More specifically, Corradi USA seeks $123,672.43 in attorneys' fees and $2,362.97 in expenses, with post-judgment interest in the maximum amount allowable by law (Dkt. #57 at p. 6). Trustee opposes Corradi USA's motion on two bases. First, Trustee argues that the Fifth Circuit implicitly denied Corradi USA's request for appellate fees, thus precluding this Court from further consideration of the issue (Dkt. #62 at p. 3). Second, Trustee argues that Corradi USA's evidence fails to demonstrate the reasonableness of the rates billed and the number of hours billed (Dkt. #62 at p. 9). The court will address these arguments in turn.

### I.   The Fifth Circuit Mandate

Trustee first argues that because the Fifth Circuit's mandate, which affirmed this Court's judgment, did not affirmatively grant Corradi USA's request for a remand to consider appellate fees, it "impliedly denied appellate fees and precluded this Court's further consideration of that issue" (Dkt. #62 at p. 3). Corradi USA contends that neither party appealed that part of the judgment (Dkt. #67 at p. 4). Thus, the parties' dispute centers around the Fifth's Circuit's mandate and the significance of Corradi USA's request in the conclusion of its appellate brief[3] "that the Court affirm the judgment in all regards and remand the matter for the District Court to consider whether there should be a supplemental award of attorneys' fees for appellate work" (Appellee Br., No. 20-40645, ECF Doc. 00515780613 at p. 58).

---

[3] The parties both request that the Court take judicial notice of the parties' appellate briefs and the corresponding oral transcript. Pursuant to its authority under Federal Rule of Evidence 201(c)(2), the Court takes judicial notice of these documents. *See* FED. R. EVID. 201(c)(2).

The mandate rule, which is a corollary of the law-of-the-case doctrine, "prohibits a district court on remand from reexamining an issue of law or fact previously decided on appeal and not resubmitted to the trial court on remand." *United States v. Pineiro*, 470 F.3d 200, 205 (5th Cir. 2006) (per curiam). The rule includes issues expressly decided, as well as those impliedly decided. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (internal quotations omitted). Even so, "a mandate is controlling only as to matters within its compass." *In re Deepwater Horizon*, 928 F.3d 394, 398 (5th Cir. 2019). In determining the scope of the mandate, a district court "must proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces." *Pineiro*, 470 F.3d at 205.

As part of this Court's final judgment, this Court held that it would "address [the] issue [of appellate fees] following the resolution of appeal" since "Corradi USA ha[d] not produced sufficient evidence to support appellate fees at [the] time" (Dkt. #49 at pp. 18–19). In other words, the Court expressly stated it would revisit the issue of appellate fees after appeal. On appeal, the Fifth Circuit affirmed this Court's judgment and ordered Plaintiff to pay Corradi USA "costs on appeal" as taxed by the Clerk of the Court. The Fifth Circuit also adopted its judgment as the mandate. *See* FED. R. APP. PROC. 41. Trustee argues that because Corradi USA's appellate brief requested the Fifth Circuit to remand "to consider whether there should be a supplemental award of attorneys' fees for appellate work[,]" the Fifth Circuit's mandate impliedly denied appellate fees and thus precluded this Court from considering the issue (Dkt. #62 at p. 3). According to Trustee, when appellate fees have been requested and the Fifth Circuit intends further consideration in district court, it expressly remands or enters an order requiring determination as to entitlement and amount (Dkt. #62 at p. 3). But this argument is unpersuasive.

That the Fifth Circuit was silent as to appellate attorneys' fees and did not expressly remand to consider appellate fees does not mean "the Fifth Circuit impliedly denied appellate fees" (*See* Dkt. #62 at p. 3). Rather, it more likely indicates that the issue of appellate attorneys' fees was outside the scope of appeal. Indeed, given the absence of any argument on the matter in Trustee's appellate brief, the silence is not surprising at all (*See* Appellant Br., No. 20-40645, ECF Doc. 00515705835). Further, while Corradi USA's brief contained a passing request that the Court "remand the matter for the District Court to consider whether there should be a supplemental award of attorneys' fees for appellate work" (Appellee Br. at pp. 56 & 58), two sentences in an appellee's brief does not mean an issue becomes a part of the appeal. *See* FED. R. APP. P. 28; *see United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) ("[A] party must 'press' its claims . . . . merely 'intimating' an argument is not the same as 'pressing' it.") (citations omitted). As Trustee was the party that appealed this Court's decision, it decided which issues to appeal—thereby ultimately defining the scope of the appeal. Thus, "taking into account the appeals court's opinion and the circumstances it embraces[,]" the appellate fees issue was not within the Fifth Circuit's mandate. *See Pineiro*, 470 F.3d at 205.

Further, as Corradi USA notes, the authority that Trustee cites in favor of the proposition that the Fifth Circuit expressly remands the issue of appellate fees when it intends further consideration in the district court is distinguishable. Three of the four cases cited by Plaintiff where the appellate court explicitly remanded consideration of appellate fees involved situations where a party was affirmatively appealing the district court's order denying attorneys' fees. *See Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.* 334 F.3d 423, 427 (5th Cir. 2003); *Penton v. Am. Bankers Ins. Co. of Fla.*, 115 Fed. App'x 685, 686 (5th Cir. 2004); *Miller v. Raytheon Co.*, 716 F.3d 138, 143 (5th Cir. 2013). Here, as evidenced by the appellate briefs,

6

oral argument, and Fifth Circuit opinion, Corradi USA was not affirmatively appealing the district court's holding to revisit the issue of appellate fees after appeal. Similarly, in the fourth case, *ATEL Mar. Inv'rs, LP v. Sea Mar Mgmt., L.L.C.*, No. 08-1700, 2015 WL 423308, at *4 (E.D. La. Feb 2, 2015), the district court found the Fifth Circuit's lack of explicit remand consequential because the district court had previously denied the party's request for attorneys' fees, the Fifth Circuit had affirmed, and the party was now requesting appellate attorneys' fees on the same basis.  Here, neither this Court nor the Fifth Circuit has considered this issue yet.  Thus, the Fifth Circuit's mandate does not prevent this Court from addressing the issue of appellate attorneys' fees as an initial matter. *Newball v. Offshore Logistics Intern*, 803 F.2d 821, 826 (5th Cir. 1986). Accordingly, the Court now turns to Trustee's argument that Corradi USA's appellate fees are not reasonable.

## II. Reasonableness of Corradi USA's Appellate Attorneys' Fees and Expenses

In awarding attorneys' fees, the starting point is to calculate a base lodestar figure, which is reached by determining the reasonable hours worked multiplied by a reasonably hourly rate. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019).  This base lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorneys' fees. *Id.* at 499.  Corradi USA seeks $123,672.43 in appellate attorneys' fees. In support its motion for attorneys' fees and costs, Corradi USA provides the Declaration of Artoush Varshosaz (Dkt. #57-1), along with itemized billing records detailing the attorneys' and paralegal's hourly rates and time spent on each task (Dkt. #57, Exhibit A).  Trustee argues that neither the number of hours billed by Corradi USA, nor the rates at which it billed, are reasonable (Dkt. #62 at p. 4). The Court will examine these arguments in turn.

### A. Reasonableness of Hourly Rates

To start, "[t]he reasonably hourly rate is the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *BMO Harris Bank, N.A. v. RidgeAire, Inc.*, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (internal quotations omitted). The relevant legal community is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368. However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012) (discussing attorneys' fees in a discovery dispute). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)).

Corradi USA asserts that the reasonable hourly rates for its timekeepers are as follows:

| Timekeeper | 2020 | 2021 |
| --- | --- | --- |
| Artoush Varshosaz, Partner | $585[4] | $650 |
| David R. Fine, Partner | $625 | $650 |
| Nelson M. Hua, Associate | $475 | $475 |
| Julie Garrett, Paralegal | $285 | $300 |

---

[4] Varshosaz's declaration states that his hourly rate for the matter was $650. However, after looking through the K&L invoices, the Court finds that Varshosaz's hourly rate was $585 in 2020 and $650 in 2021 (*See* Dkt. #57, Exhibit A).

(Dkt. #57-1 at pp. 4–5). Trustee contests the reasonableness of Corradi USA's rates on three different grounds: (1) Corradi USA based the rates on an improper "community," using Dallas-Fort Worth market rates instead of Eastern District rates; (2) Corradi USA's declaration was done by its own lead attorney; and (3) generally the rates were above market rate (Dkt. #62).

The Court concludes, based on the information and record before the Court, including the Declaration of Artoush Varshosaz, that Corradi USA's hourly rates for the matter are reasonable. The individuals' educations, experience, and qualifications support the reasonableness of their rates (*See* Dkt. #57-1 ¶11). Further, Varshosaz's declaration states that the hourly rates "are the rates regularly charged by K&L Gates to clients for similar matters" and "were the rates actually charged to, and paid by, Corradi USA" (Dkt. #57-1 ¶17). In determining reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Moreover, this Court and other courts in the Eastern District have found similar rates to be reasonable. *See, e.g.*, *Fessler v. Porcelana Corona de Mexico, S.A. de C.V*, No. 4:19-cv-00248, 2020 WL 1974246, at *6 (E.D. Tex. April 24, 2020) (finding hourly rates of $695 and $675 reasonable); *Jackson v. Mistry Hospitality LLC*, No. 1:19-CV-00422, 2021 WL 1392869, at *2 (E.D. Tex. April 12, 2021) (finding $595 to be reasonable and noting that other courts in the Fifth Circuit have allowed similar rates).

Further, it is worth noting that Trustee did not contest the reasonableness of Corradi USA's hourly rates on Corradi USA's original motion for attorneys' fees. Thus, this Court has already found rates similar to the rates at issue to be reasonable in this litigation. While Corradi USA's rates have increased since 2019—by as much as $100 for some of the timekeepers—the increases are "not so high as to fall outside of the realm of reason." *AdjustaCam LLC v. Amazon.com, Inc.*, No. 6:10-CV-00329-JRG, 2018 WL 1335308, at *6 (E.D. Tex. Mar. 15, 2018). Further, while

Fine's rates were not previously examined by this Court, as he was only brought in for the appeal, his rate in 2021 for this matter is the same as Varshosaz's—$650. This underscores the reasonableness of Fine's hourly rate. Fine has more than ten years of experience over Varshosaz, and Trustee did not contest Varshosaz's 2019 rate of $550.

Trustee takes issue with Corradi USA's failure to include any other declarations than Corradi USA's trial counsel's in its motion. Although affidavits of attorneys who did not bill on the matter are "generally" used to establish the reasonable hourly rate, this is not a requirement. *See Smith & Fuller, P.A.*, 685 F.3d at 491 (stating that "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate) (discussing attorneys' fees in a discovery dispute). Indeed, Trustee only submitted his own counsel of record's declaration for what is reasonable in the district.

Trustee also takes issue with the specific wording in Varshosaz's declaration. In the declaration, Varshosaz states that "[b]ased on [his] knowledge of billing rates for law firms in Dallas[,] . . . K&L Gates' hourly billing rates for this matter are reasonable and justified in light of the work done and complexity of the issues presented" (Dkt. #57-1 ¶17). Trustee argues that, given that Dallas falls within the Northern District rather than the Eastern, "Corradi USA fails to address rates in the relevant areas" (Dkt. #62 at p. 5). But this argument also is to no avail. This Court has previously found that the Dallas-Fort Worth legal market can be an appropriate guide for determining the reasonableness of rates. *See, e.g., Fessler*, 2020 WL 1974246, at *6 (finding that survey of rates in DFW and declarations of Dallas-area litigators confirmed reasonableness of rates in the District); *Whatley v. Creditwatch Servs., Ltd.*, No. 4:11-CV-493, 2014 WL 1287131, at *4 (E.D. Tex. Mar. 31, 2014) (looking to report on customary hourly rates for attorneys practicing in the Dallas-Fort Worth-Arlington Region); *Virtual Chart Sols. I, Inc. v. Meredith*, No.

4:17cv546, 2020 WL 1902530, at *19 (E.D. Tex. Jan. 13, 2020), *adopted*, 2020 WL 896674 (E.D. Tex. Feb. 25, 2020) (finding the requested rates reasonable "withing the prevailing market rate for attorneys handling this type of litigation in North Texas").[5]

For all these reasons, the Court finds Corradi USA's hourly rates for this matter to be reasonable. The Court will now address Trustee's argument that the number of hours billed by Corradi USA is unreasonable.

### B. Hours Expended

The party seeking reimbursement of attorney's fees bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Court should include only those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* According to Varshosaz's declaration, Corradi USA seeks compensation for 206.7 hours billed for the appeal, with Varshosaz billing 58.6 hours, Fine billing 134 hours, Hua billing 12.9 hours, and Garrett billing 1.2 hours (Dkt. #57-1 ¶11). Corradi USA attached detailed billing invoices of the timekeepers' entries in support of its motion (Dkt. #57, Exhibit A).[6] Further, Varshosaz's declaration states that the fee application also includes a five

---

[5] The Court would also like to note that the Sherman Division covers some parts of the city of Dallas. For example, a small portion of Dallas is included in Collin County, a county in the Sherman Division. *See* https://www.collincountytx.gov/living/Documents/CollinArea.pdf (last visited Nov. 19, 2021). Further, the Office of Personnel Management designates the Sherman Division (located in Grayson County) to be in the Dallas-Fort Worth locality pay area. Thus, the Sherman Division's pay scale for court employees is based on the Dallas-Fort Worth area. *See* OPM, *Policy, Data, Oversight*, https://www.opm.gov/policy-data-oversight/pay-leave/salaries-wages/2021/locality-pay-area-definitions/#TX-OK (last visited Nov. 19, 2021).

[6] Though Varshosaz's declaration states that Corradi USA is seeking compensation for 58.6 hours billed by Varshosaz in the matter, the K&L invoices, which detail the work performed, indicate he billed 60 hours. Further, though Varshosaz's declaration states Garrett billed 1.2 hours on the matter, the Court finds that the invoices only reflect that she billed 0.7 hours. Since the K&L invoices indicate the hours expended by each timekeeper more thoroughly than Varshosaz's affidavit, the Court proceeds with the numbers in the invoices.

percent discount to account for ancillary arguments that Corradi USA made on appeal with respect to Trustee's common law claims.

Trustee first contends that the number of hours billed by Varshosaz on the matter was unreasonable. According to Trustee, since Fine drafted the appellate brief and argued it, Varshosaz's assistance was unnecessary and duplicative. While Trustee downplays Varshosaz's function in the appeal as only "necessary to maintain the 'client relationship'" (Dkt. #62 at p. 8), the Court finds that Varshosaz's role was not simply supervisory with respect to the client relationship, and the 60 hours he billed is reasonable. Most of Varshosaz's charges were for consulting and strategizing with Fine, corresponding with his team and Corradi USA regarding mediation, and editing and reviewing the appellate brief. Given that Varshosaz was lead trial counsel and Fine was only brought in after appeal, the consultation with Fine makes complete sense. Even apart from the time spent to catch Fine up to speed, consultations with co-counsel are a necessary part of litigation. *See Lewallen v. City of Beaumont*, No. l:05-CV-733-TH JURY, 2009 WL 2175637, at *10 (E.D. Tex. July 20, 2009) ("[C]onsultation and sound-boarding among attorneys is valuable to effective litigation.") (internal quotations omitted). Further, since Varshosaz had already performed extensive work on the same issues, his insight and consultation with Fine very-well might have saved Corradi USA time in the long-run. Contrary to Trustee's argument, that Varshosaz spent twelve hours editing Fine's appellate brief does not mean his time was duplicative of Fine's time. Editing and reviewing the work of another attorney is both "reasonable and common practice." *Yearout v. Astrue*, No. 3:10-CV-0430-L-BH, 2011 WL 2988421, at *2 (N.D. Tex. Mar. 15, 2011). Again, as lead trial counsel and a partner with specific bankruptcy-related experience, Varshosaz had valuable insight to offer on the matter and specific issues involved.

Second, Trustee argues that the time Fine spent on the appeal (134 hours) is unreasonable. The Court finds that all of Fine's billed time was reasonable except 5.5 hours. First, just because Trustee's attorney only billed 111 hours for the appeal does not make him the standard for what is a reasonable amount of time. What is more, Trustee's attorney on appeal was the same attorney at the trial court. By contrast, Fine was only brought in for the appeal, so he had to become familiarized with the facts and the law pertaining to the matter. And, as Corradi USA points out, it was ultimately Corradi USA who succeeded in defending the appeal. Though Trustee makes a general argument that Fine's time was unreasonable, Trustee only specifically points to the time Fine spent in preparation for oral arguments as being unreasonable. While Fine spent around 30 hours preparing for oral argument, the Court finds most of this time to be reasonable. *See Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *10 (N.D. Tex July 17, 2014) (finding 32 hours to be reasonable for oral argument preparation where counsel was the same counsel on appeal and only 2 issues were presented). However, the Court agrees with Trustee and does not find it reasonable that Fine billed 5.5 hours "to attend court to observe panel of judges; study record and cases in preparation for oral argument" (Dkt. #57, Exhibit A at p. 29). Fine is a partner in the appellate litigation area with extensive expensive arguing appeals. Any time for learning or excessively rehearsing appellate advocacy was unnecessary.[7] Accordingly, the Court will reduce Fine's hours by 5.5 hours. Thus, the Court finds 128.5 hours to be reasonable.

Because the Court has determined the reasonable hours spent and the reasonably hourly rates, the Court must now calculate the lodestar amount. As stated, the lodestar is calculated by

---

[7] The Court is not suggesting that this was not a legitimate preparation expense charged to the client as it reflects an attorney's due diligence in preparing for oral argument, but the Court finds that for the purposes of this motion, it should have been excluded.

13

multiplying the rate for each timekeeper by the number of hours worked by that individual. The lodestar amount is as follows[8]:

| Timekeeper | Hours | Rate | Amount |
|---|---|---|---|
| Artoush Varshosaz | 19.3 | $585 | $11,290.50 |
|  | 40.7 | $650 | $26,455.00 |
| David R. Fine | 14 | $625 | $8,750.00 |
|  | 114.5 | $650 | $74,425.00 |
| Nelson M. Hua | 12.9 | $475 | $6,127.50 |
| Julie Garrett | .70 | $300 | $210.00 |
| **Subtotal:** | **202.1** |  | **$127,258** |
| **Total after 5% Deduction** |  |  | **$120,895.10** |

### C. *Johnson* Factors

After determining the lodestar amount, the district court may adjust the lodestar up or down in accordance with the relevant *Johnson* factors not already included in the lodestar. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). The Court must be careful when applying the *Johnson* factors to make sure "not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments." *Id.* "Four of the *Johnson* factors—the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation—are presumably fully reflected in the lodestar amount." *Id.* If a factor is presumably considered in the lodestar amount, the Court may still make an adjustment based on that factor; however, only "in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings." *Id.* Here, Trustee does not argue that any of the *Johnson* factors require that the lodestar award should be adjusted downward. Still, the Court has considered them on its own and all of the *Johnson* factors are presumably reflected in the lodestar amount. There are no exceptional circumstances

---

[8] The Court is unsure how Corradi USA reached $123,672.43—the amount it seeks. As noted, there are several inconsistencies between Varshosaz's affidavit and the K&L invoices. Based on reviewing the invoices and deducting 5.5 hours from Fine's time, the following are the numbers that the Court finds.

Case 4:18-cv-00293-ALM Document 66 Filed 11/19/21 Page 15 of 15 PageID #: 1511

permitting the Court to adjust the amount. Consequently, the Court does not reduce the award based on the *Johnson* factors. Corradi USA is therefore entitled to $120,895.10 in attorneys' fees expended during the appeal.

### III. Expenses of Litigation

Lastly, Corradi USA seeks $2,362.97 in expenses (Dkt. #57). Specifically, Corradi USA seeks reimbursement for its travel expenses, copying expenses, research charges, and delivery and postage costs (Dkt. #57-1 at p. 8). Trustee does not dispute the amount or reasonableness of these expenses. Nevertheless, the Court reviewed the expenses sought and finds they are reasonable. Corradi USA is therefore entitled to its reasonable expenses in the amount of $2,362.97.

### CONCLUSION

It is therefore **ORDERED** Corradi USA's Motion for Appellate Attorneys' Fees and Expenses (Dkt. #57) is hereby **GRANTED in part and DENIED in part**.

It is further **ORDERED** that:

1. Corradi USA be awarded appellate attorneys' fees in the amount of $120,895.10;
2. Corradi USA be awarded expenses in the amount of $2,362.97; and
3. Post-judgment interest on all sums awarded herein at the statutory rate from the date of entry of this Order until paid.

**IT IS SO ORDERED.**

SIGNED this 19th day of November, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

15